IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES RUSSELL REASONER,        §
                                §
VS.                             §   NO. 4:02-CR-144-A
                                §   (NO. 4:05-CV-568-A)
UNITED STATES OF AMERICA        §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of James Russell Reasoner ("Reasoner") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the response of United States of America, Reasoner's reply, the record, and applicable authorities, the court concludes that the motion should be denied.

I.
Background

On December 5, 2002, the United State filed a one-count superseding information against Reasoner, charging him with distribution of less than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On December 6, 2002, Reasoner filed a waiver of indictment, along with a plea agreement and a factual resume, and pleaded guilty to a single count of the information. The pre-sentence report ("PSR"), and its addenda, determined that Reasoner had a total offense level of 35 and criminal history of category one. That calculation included a six-level increase in Reasoner's offense level pursuant to U.S.S.G. § 2D1.1(b)(5)(C) for the manufacture of methamphetamine and creating a substantial risk of harm to the

life of child.  Reasoner was sentenced on May 16, 2003, to 210
months of imprisonment and to a three-year term of supervised
release.  His conviction was affirmed by the Fifth Circuit on
June 14, 2004.  The instant motion under 28 U.S.C. § 2255 was
filed on September 6, 2005.  Taking into account the time
Reasoner would have had for the filing of a writ of certiorari,
Reasoner's motion was timely filed.

II.
Grounds of the Motion

Reasoner's petition advances three grounds for relief from
his sentence.  The grounds in the petition all attempt, in some
fashion, to vitiate the propriety of his enhanced sentence.
Specifically, Reasoner argues that:

1. His guilty plea was unlawfully induced because he only
   agreed to plead guilty with respect to the section
   841(a)(1) charge, not to any of the offenses used as
   sentence enhancements;

2. The government failed to disclose favorable evidence
   related to the issues the enhanced sentence was based
   upon; and

3. Denial of effective assistance of counsel because, his
   appointed counsel, Gary D. Smart, ("Smart") allegedly
   promised him a sentence between 46 and 57 months, not
   the 210 month sentence he received, and never brought
   before the court favorable evidence related to the
   facts used to assess his enhanced sentence.

Although Reasoner claims that his sentence enhancement

2

violates the Sixth Amendment because "the Court rather than the
jury [made] those findings," Pet.'s Reply at 4, he nevertheless
states that his claim is not brought under Booker v. United
States, 125 S. Ct. 738 (2005).

### III.
### Standard of Review

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991). A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"
for his procedural default and "actual prejudice" resulting from
the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer
recourse to all who suffer trial errors. It is reserved for
transgressions of constitutional rights and other narrow injuries
that could not have been raised on direct appeal and would, if
condoned, result in a complete miscarriage of justice. Id. at
232 n. 7 (citing United States v. Capua, 656 F.2d 1033, 1037 (5th
Cir. Unit A Sept. 1981)). In other words, a writ of habeas
corpus will not be allowed to do service for an appeal. Davis v.
United States, 417 U.S. 333, 345 (1974).

IV.
Analysis

A.   Fact Finding Related to Reasoner's Sentence Enhancement

Based on Reasoner's petition, the arguments contained in reply, and the nature of the remedy he seeks, the court concludes that Reasoner seeks a retroactive application of Booker v. United States in the first ground in his petition.  125 S. Ct. 738 (holding that any fact, other than a prior conviction, that was necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict had to be admitted by a defendant or proved to a jury beyond a reasonable doubt). Reasoner attempt to rely upon Apprendi v. New Jersey, 530 U.S. 466 (2000), must fail.  Apprendi does not apply to cases where, as here, the defendant was sentenced under the federal sentencing guidelines.

The rule from Booker has not been made retroactive to cases on collateral review, such as this one.  See In re Elwood, 408 F.3d 211 (5th Cir. 2005); Green v. United States, 397 F.3d 101, 102-03 (2nd Cir. 2005); In re Anderson,396 F.3d 1336, 1338-40 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005).  Therefore,  Reasoner's first ground is without merit, and must fail.

B.   Government's Failure to Disclose Exculpatory Evidence

Reasoner next claims that the government failed to disclose favorable evidence to him.  See  Brady v. Maryland, 373 U.S. 83, 87 (1963).  The government contends that Reasoner is barred on collateral review from raising this claim because it was not

4

raised during his direct appeal.   Shaid, 937 F.2d at 323.
Indeed, the record shows that Reasoner did not raise this issue
with the Fifth Circuit; thus, he must show both (1) cause for his
procedural default, and (2) actual prejudice resulting from that
error.   Id.   The court concludes that Reasoner has failed to meet
that threshold.

In his reply, Reasoner alleges that his counsel failed to
file certain motions and documents with the Fifth Circuit.
Pet.'s Reply at 7.   However, he does not indicate that these
motions or filings related in any way to the instant Brady claim;
and even had Reasoner alleged such a connection, he would have
failed to show cause because, "[a]ttorney ignorance or
inadvertence is not cause" and Reasoner "must bear the risk of
attorney error."   Coleman v. Thompson, 501 U.S. 722, 753 (1991).
Therefore, Reasoner has procedurally defaulted on the second
ground raised in his petition.

C.   Ineffective Assistance of Counsel

1.   Legal Standard

To prevail on a claim of ineffective assistance of counsel,
petitioner must show (1) deficiency--that his counsel's
performance fell below an objective standard of reasonableness
and (2) prejudice--that there is a reasonable probability that,
but for his counsel's unprofessional errors, the result of the
proceedings would have been different.   Strickland v. Washington,
466 U.S. 668, 687-88, 692-93 (1984).   In evaluating a counsel's
performance, a court "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id. at 694.  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697

    2.  Analysis

        i.  Failure to Stop the Plea Proceedings

    Reasoner alleges that Smart was ineffective because he failed to stop the plea proceedings when he realized that the court was going to enhance his sentence.  Reasoner, however, makes no effort to explain how, and upon what legal basis, Smart could have stopped the proceedings.  Conclusory allegations, such as those, are insufficient to prove claims of ineffective assistance of counsel.  Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).  Also, Smart did move for a continence for reasons related to issues raised by the PSR on three separate occasions.[1] Therefore, the court concludes that this basis for Reasoner's third ground is without merit.

        ii.  Failure to Object to Drug Amounts

    Reasoner next claims that Smart failed to object to the quantity of drugs that Reasoner was being held responsible for.

---

[1] In fact, the court noted at Reasoner's sentencing that Smart's delay had been very helpful to Reasoner's case.  Specifically, Smart's legal maneuvering was credited for (1) getting critical exhibits into the record, and (2) significantly reducing the amount of cocaine contained in the methamphetamine mixture that was accredited to Reasoner.  Sentencing Tr. at 59.

That allegation is baseless: The record shows that Smart objected to the addenda to the PSR, and lodged several complaints about the drug quantities used to calculate Reasoner's offense level. In fact, those objections led to a substantial reduction in the quantity of drugs attributed to Reasoner in a second addenda to the PSR.

### iii.  Failure to Mention that Red Phosphorus is Odorless

Third, Reasoner alleges that Smart failed to get into the record that red phosphorus is odorless when cooked.  The record shows that at Reasoner's sentencing, Dale Malugani, the Fort Worth Police Officer who had processed and dismantled Reasoner's methamphetamine lab, testified that cooked red phosphorus is odorless.[2]  Therefore, this contention also is without merit.

### iv.  Smart was Unprepared at Sentencing

In his reply, Reasoner also claims that Smart "failed to act in the interest of his client and was not prepared for the sentencing hearing."  Pet.'s Reply at 7.  In support Reasoner attached a portion of the transcript of that hearing where Smart states "that Mr. Reasoner suffered somewhat from my lack of

---

[2] In relevant portion, Malugani testified as follows:

Q: What's the significance of the red phosphorus method in termns of the danger that it poses to the community as well as to children?

A: Of the different ways they use to manufacture methamphetamine, the red phosphorus method is far more dangerous for those of us that have to deal with it.  Just really quickly, combining the ephedrine and the iodine and the red phosphorus puts of a toxic gas called phospenene. And it's fatal.  It's odorless and colorless.

Sentencing Tr. at 46, 4-6 (emphasis added).

7

preparedness."  Pet.'s Reply at 7; Sentencing Tr. at 58, lines 2-4.  However, as the court made clear on the record during that same hearing, Reasoner's defense was not prejudiced by Smart's lack of organization.  Pet.'s Reply at 7; Sentencing Tr. at 58, lines 20-22  The court's impression of Smart's preparedness at the hearing in question has not changed.

V.

O R D E R

The court ORDERS that Reasoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED December 8, 2005.

                              ___/s/ John McBryde_____
                              JOHN McBRYDE
                              United States District Judge